UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OTIS HOLLAND, | |
| Petitioner, | Case No. 2:25-cv-00379-RFB-MDC |
| v. | **ORDER** |
| JOHN HENLEY, *et al.*, | |
| Respondents. | |

This habeas corpus action was initiated by Otis Holland, who is represented by counsel, on February 28, 2025, when he filed a petition for a writ of habeas corpus (ECF No. 1) and supporting exhibits (ECF No. 2). Respondents were originally due to file a response to Holland's habeas petition by August 4, 2025. See ECF No. 5. The Court later extended that deadline by 45 days, to September 18. See ECF No. 8.

On September 10, Respondents filed a motion to seal case, requesting relief from the requirements of Local Rule IC 6-1, and requesting "leave of this court for the parties to file all documents and exhibits in this case, current and future, unredacted and under seal pursuant to LR IA 10-5." ECF No. 9. Respondents state:

> This case involves a former pastor who sexually assaulted several minors over a period of time. Both the names of the minor victims (at least three) and additional potential victims and minor witnesses (at least ten at last count), pervade the record. In addition to the minor[s'] names, birthdates and addresses are also throughout the record and may be relevant to these proceedings.

Id. at 1. In a footnote, Respondents add:

> Due to the cyberattack on the State of Nevada on August 24, 2025, the undersigned has been unable to access his shared drives or databases to obtain additional case-specific information for this motion. This issue was compounded by the State issues experienced September 9-10, 2025 (and longer?) due to login issues.

Id. at 1 n.1. Respondents' counsel represents that Holland does not oppose the motion to seal case. See id. at 2.

While there is a strong presumption in favor of public access to judicial filings and while courts prefer that the public retain access them, see Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir. 2006). "Compelling reasons" exist where the records could be used for improper purposes. See id. at 1179 (citing Nixon, 435 U.S. at 598). Under Local Rule IC 6-1, a party is generally required to redact from filed documents: names of minor children, dates of birth, and home addresses. See LR IC 6-1(a)(2), (3) and (5). Local Rule IA 10-5 sets out this Court's procedures for parties to seek leave of court to file documents under seal. And Local Rule IA 1-4 states: "The court may *sua sponte* or on motion change, dispense with, or waive any of these rules if the interests of justice so require."

Respondents do not make a showing of compelling reasons to file the entire state court record under seal, much less to file "all documents" under seal. The Court determines that such wholesale sealing of documents in this case would impinge upon the public's access to judicial filings and could also cause undue delay and unnecessarily hamper the litigation of this case. Respondents do not show that every document to be filed in this case will contain information that should be sealed. And Respondents do not show a compelling reason to file under seal material that was filed unsealed in state court and is already available to the public. The Court will grant Respondents' motion in part and deny it in part. The Court will require the Parties to file documents in this case as follows:

- Items filed under seal in state court must be filed under seal as in state court.

- Items filed unsealed in any state court must be filed unsealed, and redacted (or not redacted) as in the state court.

- With respect to items not filed in state court, the Parties must comply with LR IC 6-1, LR IA 10-5, and all other local rules of this Court.

- With respect to the exhibits already filed by Holland (at ECF No. 2), any party may file a motion requesting redaction or sealing of any of those exhibits.

- With respect to any item, any party may move for relief from this Order, tailoring the motion to the particular item(s) in question.

On September 18, Respondents filed a second motion for extension of time to respond to Holland's Petition, requesting a further 21-day extension to October 9. See ECF No. 10. And, on October 9, Respondents filed a third motion for extension of that deadline, requesting that the deadline be extended to 30 days after the Court resolves the motion to seal case. See ECF No. 11. In view of the problems with the State's computer system and the need to resolve the motion to seal case before Respondents can fully respond to the habeas petition, the Court finds that the further motions for extension of time are made in good faith and not solely for the purpose of delay, and that there is good cause for the requested extensions. The Court will grant Respondents an extension longer than the extension they request; this is to allow Respondents time to comply with this Order, with respect to the filing of the state-court record and other documents, before filing their response to the Petition.

Therefore, **IT IS HEREBY ORDERED** that Respondents' Motion to Seal Case (ECF No. 9) is **GRANTED IN PART** and **DENIED IN PART**, as explained above.

**IT IS FURTHER ORDERED** that Respondents' motions for extension of time (ECF Nos. 10, 11) are **GRANTED** *nunc pro tunc*. Respondents will have **45 days** after this Order is entered to file an answer or other response to the Petition.

**DATED**: November 26, 2025.

_____
**RICHARD F. BOULWARE, II,**
**UNITED STATES DISTRICT JUDGE**