**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

OTIS HOLLAND,

Petitioner,

v.

JOHN HENLEY, et al.,

Respondents.

Case No. 2:25-cv-00379-RFB-MDC

**ORDER**

This habeas action is brought by Petitioner Otis Holland under 22 U.S.C. § 2254. Before the Court is Respondents' Motion to Dismiss certain claims as unexhausted or not cognizable. For the following reasons, Respondents' Motion to Dismiss is granted, in part, and denied, in part. Because the Court finds Grounds II and IV(2)(b) are unexhausted, the Court orders Holland to notify the Court no later than 30 days from entry of this order, whether he will abandon Grounds II and IV(2)(b) and proceed with his remaining grounds, dismiss the entire petition without prejudice and return to state court to exhaust Grounds II and IV(2)(b), or file a motion for stay and abeyance.

## I. BACKGROUND

Holland challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. In September 2016, the state court entered a judgment of conviction for fourteen counts of sexual assault with a minor under sixteen years of age and one count of lewdness with a child under the age of 14. ECF No. 16-15. The Nevada Supreme Court affirmed the conviction. ECF No. 16-46. In October 2018, Holland filed a state habeas petition. ECF Nos. 17-2, 17-11. The state court denied post-conviction relief and the Nevada Court of Appeals affirmed the denial of relief. ECF No. 18-24. On February 28, 2025, Holland initiated this federal habeas corpus proceeding by filing his counseled petition. ECF No. 1.

Respondents move to dismiss Grounds II, III, IV(2)(b) as unexhausted, Grounds IV(2)(a), V(1), V(2), V(3), and VII as partially unexhausted, and Grounds II and VII as not cognizable on federal habeas review. ECF No. 22. Respondents also argue that Ground II is barred under Teague v. Lane, 489 U.S. 288 (1989).

## II. DISCUSSION

### a. Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. Coleman v. Thompson, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999).

To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. O'Sullivan, 526 U.S. at 844–45; Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" Woods, 764 F.3d at 1129 (quoting Gray v. Netherland, 518 U.S. 152, 162–63 (1996)); Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

#### i. Ground II

In Ground II, Holland alleges that the state district court violated his Fourteenth Amendment right to due process and right to a fair trial by admitting evidence of his prior sexual relationship with an adult member of his congregation as prior bad acts. ECF No. 1 at 13-16. Respondents argue that Ground II is unexhausted because Holland did not federalize his claim in state court.

Although Holland made a passing reference to "fundamental fairness and due process," Holland's argument that the trial court erred by admitting evidence of his prior sexual relationship relied entirely on state law. The Ninth Circuit has specifically rejected the notion that making a cursory reference to vague concepts like due process or the right to a fair trial, then discussing state law in detail, is sufficient to exhaust a claim. See Fields v. Waddington, 401

F.3d 1018, 1021 (9th Cir. 2005) ("Petitioner's briefing to the state court mentioned the 'federal Constitution' twice, and 'due process' once, but discussed an applicable provision of the state constitution throughout the remainder of the argument. Petitioner's mere mention of the federal Constitution as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim."). Ground II is unexhausted.

**ii. Ground III**

In Ground III, Holland alleges that the consolidation of his two criminal cases was prejudicial and in violation of the Supreme Court's ruling in McElroy v. United States, 164 U.S. 76, 80 (1896). Respondents argue that Ground III is unexhausted because Holland presented a materially different legal theory to the state court. They assert that on direct appeal Holland argued that the consolidation violated his Fifth Amendment right to a fair trial. The Court finds that Holland asserted claims based on the same operative factual allegations and same legal theory to the state court. Ground III is exhausted.

**iii. Ground IV(2)(a)**

In Ground IV(2)(a), Holland alleges that trial counsel rendered ineffective assistance for failure to investigate the prosecution's witnesses for potential leads demonstrating a motive for the victims to fabricate their allegations. ECF No. 1 at 24-25. Holland alleges that trial counsel failed to investigate the witness's school records, which would have demonstrated destructive behavior towards their family and at school. Respondents argue that Gound IV(2)(a) is partially unexhausted because Holland did not include the claim that trial counsel failed to obtain school records as evidence of victim's motive to fabricate their allegations.

The Court finds that the additional factual allegations do not fundamentally alter Holland's claim. The new allegations add some further information, but nothing in federal Ground IV(2)(a) fundamentally alters the exhausted claims or places it in a different and significantly stronger evidentiary posture than when the claims was presented to the state courts. See generally Dickens v. Ryan, 740 F.3d 1302, 1318 (9th Cir. 2014). Ground IV(2)(a) is exhausted.

**iv. Ground IV(2)(b)**

In Ground IV(2)(b), Holland alleges that trial counsel rendered ineffective assistance for failure to properly inspect, analyze, and authenticate a recording he provided before trial. ECF No. 1 at 25-27. Respondents argue that Ground IV(2)(b) is unexhausted because Holland did not present this claim in any state court proceedings, including direct appeal or appeal of his state habeas petition. Because Holland concedes that he is unable to provide support that Ground IV(2)(b) was fairly presented during the state habeas proceedings, the Court finds that Ground IV(2)(b) is unexhausted.

**v. Grounds V(1) and V(2)**

In Ground V(1), Holland alleges that trial counsel rendered ineffective assistance for failure to object to testimony regarding his support of another witness's abortion in violation of his right to a fair and impartial jury under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. ECF No. 1 at 29-31. In Ground V(2), Holland alleges that trial counsel rendered ineffective assistance for failure to call an expert witness to dispute the prosecution's grooming expect in violation of his right to a fair trial. *Id*. at 31-32.

Respondents argue that Grounds V(1) and V(2) are partially unexhausted because on appeal of his state habeas petition, Holland only generally cited the Fourteenth Amendment without asserting deprivation of a fair trial or fair and impartial jury. Holland asserts that his references to a fair trial or fair and impartial jury do not allege new constitutional claims but only describe the constitutional prejudice resulting from trial counsel's deficient performance. The Court finds that Holland fairly presented these claims to the state appellate court to the extent he does not allege new constitutional claims of violations of fair trial or fair and impartial jury rights. Grounds V(1) and V(2) are exhausted.

**vi. Ground V(3)**

In Ground V(3), Holland alleges that trial counsel rendered ineffective assistance for failure to conduct a redirect examination of Holland. ECF No. 1 at 33-34. Respondents argue that Ground V(3) is partially unexhausted because it includes new factual allegations, including that the prosecution and the state district court repeatedly interrupted his testimony, the state district

court advised Holland that his counsel would have an opportunity for redirect, and counsel actively cut Holland off during direct examination. The Court finds that the additional factual allegations in Ground V(3) do not fundamentally alter or place it in a different and significantly stronger posture than when the claim was presented to the state courts. Ground V(3) is exhausted.

**vii. Ground VII**

In Ground VII, Holland alleges a cumulative error claim. ECF No. 1 at 36-39. Respondents argue that while Holland raised a cumulative error claim to the state appellate court, material potions of the error claim are unexhausted, specifically the prosecutorial misconduct and state district court errors as alleged in Grounds I, II, or III or the specific factual allegations that are unexhausted in Grounds IV(2)(a), IV(2)(b), V(1), V(2), and V(3). The Court finds that to the extent his underlying claims have been exhausted, so too has his cumulative error claim.

**b. Holland's Options for a Mixed Petition**

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. Rose v. Lundy, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. Id. In the instant case, the Court finds Holland has not exhausted Grounds II and IV(2)(b).

Because Holland's petition is mixed, he has three options: (1) file a motion to dismiss seeking partial dismissal of the unexhausted claims identified above; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims identified above; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims identified above.

Holland is cautioned that a stay and abeyance (option 3) is available only in limited circumstances and only if he shows good cause for his failure to first exhaust his unexhausted claims in state court and that those claims are not plainly meritless. Rhines v. Weber, 544 U.S. 269 (2005). Respondents would then have a chance to respond to his motion. If Holland fails to

choose one of these three options or seek other appropriate relief no later than **30 days** from entry of this order**,** his federal habeas petition will be dismissed without prejudice as a mixed petition.

**c. Cognizability**

**i. Ground II**

Respondents argue that Ground II is barred under Teague. Because the Court addresses Ground II in relation to exhaustion, the Court need not consider Respondents' cognizability arguments. See Cooper v. Neven, 641 F.3d 322, 327–28 (9th Cir. 2011) (stating that when a particular issue is dispositive, a district court "need not consider alternative reasons for dismissing the petition.").

**ii. Ground VII**

Respondents argue that Holland's cumulative error claim alleged in Gound VII is not cognizable on federal habeas review, citing decisions from other circuits. ECF No. 22 at 14. They acknowledge that the Ninth Circuit Court of Appeals has recognized cumulative error habeas claims but assert that "in the absence of Supreme Court precedent," this claim is not clearly established by federal law. *Id*. at 15. The Court, however, is bound by the Ninth Circuit's interpretation, and therefore finds Ground VII is cognizable. See Parle v. Runnels, 505 F.3d 922, 927 (9th Cir. 2007) ("The Supreme Court has clearly established that the combined effect of multiple trial-court errors violates due process where it renders the resulting criminal trial fundamentally unfair.") (cleaned up) (quoting Chambers v. Mississippi, 410 U.S. 284, 298 (1973)); see also, e.g., Michaels v. Davis, 51 F.4th 904, 935 (9th Cir. 2022) (analyzing cumulative-error claim on habeas review); Noguera v. Davis, 5 F.4th 1020, 1051 (9th Cir. 2021) (same).

**III. MOTION TO EXTEND**

Holland seeks an extension of time to file his opposition to Respondents' motion to dismiss. ECF No. 32. The Court finds that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motion.

**IV. CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that Respondents' Motion to Dismiss (ECF No. 22) is granted, in part, and denied, in part. Grounds II and IV(2)(b) are unexhausted.

**IT IS FURTHER ORDERED** within 30 days of entry of this order, Holland must either: (1) file a motion to dismiss seeking partial dismissal of Grounds II and IV(2)(b); (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust Grounds II and IV(2)(b); and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance to hold his exhausted claims in abeyance while he returns to state court to exhaust Grounds II and IV(2)(b).

**IT IS THEREFORE ORDERED** that failure to timely comply with this order will result in dismissal of Holland's mixed petition without further advanced notice.

**IT IS THEREFORE ORDERED** that Petitioner's fourth unopposed Motion to Extend Time (ECF No. 32) is GRANTED *nunc pro tunc*.

**DATED**: September 24, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**